IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **ARON DOUGLAS** and **CAROLYNE DIXON**,<br><br>  Plaintiffs,<br><br>-vs-<br><br>**KAWASAKI MOTORS MANUFACTURING CORP. USA, and KAWASAKI MOTORS CORP, U.S.A.**,<br><br>**Defendants.** | CASE ID: 8:25-cv-00438<br><br><br><br>**COMPLAINT AND JURY DEMANDED** |

## ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiffs, ARON DOUGLAS AND CAROLYNE DIXON, by their attorneys, High &Younes, LLC and Simon Greenstone Pantier, PC, for their causes of action against Defendants KAWASAKI MOTORS MANUFACTURING CORP. USA, and KAWASAKI MOTORS CORP, and each of them state and allege as follows:

1.      Plaintiffs, ARON DOUGLAS and CAROLYNE DIXON, are residents, citizens, and domiciliaries of England, United Kingdom.

2.      Plaintiffs, ARON DOUGLAS and CAROLYNE DIXON, sustained injuries while riding as belted front seat driver and passenger occupant, respectively, of a 2020 Kawasaki Teryx KRX1000 vehicle (hereinafter referred to as the "SUBJECT TERYX KRX1000") in Burnley, Lancashire, on July 25, 2021.

## JURISDICTION AND VENUE

3.      Upon information and belief, and at all times hereinafter, each of the Defendants

was the agent, servant, employee and/or joint venture of its Co-Defendants and each of them, and at all said times each Defendant was acting in the full course and scope of said agency, service, employee and/or joint venture. For purposes of this Complaint, each Defendant hereinafter mentioned shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief, each Defendant inclusive: (a) was and is an individual, corporation, partnership and/or unincorporated association organized and existing under and by virtue of the laws of some other state or foreign jurisdiction to do business in the State of Nebraska; (b) in person or through an agent, transacts business in the State of Nebraska; (c) regularly does and/or solicits business within the State of Nebraska; (d) derives substantial revenue from goods used or consumed in the State of Nebraska; and (e) expected or should have expected its acts to have consequences within the state of Nebraska and derive substantial revenue from interstate and/or international commerce.

4. Defendant, KAWASAKI MOTOR MANUFACTORING CORP., USA (hereinafter "KMMC") is a company incorporated under the laws of the State of Nebraska with its principal place of business in Lincoln, Nebraska. At all times material hereto, Defendant KAWASAKI MOTOR MANUFACTORING CORP., USA developed, manufactured, marketed, distributed and/or sold products or equipment including, but not limited to, the Kawasaki Teryx KRX100.

5. Defendant KAWASAKI MOTORS CORP., USA, (hereinafter "KMC") is a company incorporated under the laws of the State of Delaware with its principal place of business in California. At all times material hereto, KAWASAKI MOTORS CORP., USA developed, manufactured, marketed, distributed and/or sold products or equipment including, but not limited to, the Kawasaki Teryx KRX1000, and does business in the state of Nebraska.

6.  General and specific Personal jurisdiction is proper over Defendants because Defendants transacted business in Nebraska, contracted to supply services or products in Nebraska, and have other contacts that afford a basis to exercise personal jurisdiction in Nebraska.

7.  Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because at least one Defendant resides in Nebraska and a substantial part of the events or omissions giving rise to the claim occurred in Nebraska.

8.  Jurisdiction is proper in this Court because the parties are all citizens of different states/ countries and the amount in controversy exceeds $75,000.00. 28 U.S. Code Sec 1332(a).

9.  Defendants KMC and KMMC are part of a single business enterprise. Defendant KMMC is an agent of Defendant KMC, and is performing services that are sufficiently important to Defendant KMC that if it did not have Defendants KMMC to perform said services, Defendant KMC's own officials would undertake to perform substantially similar services. Throughout this complaint, defendants KMC and KMMC will collectively be referred to as KAWASAKI.

10. At all times material, KAWASAKI developed, designed, manufactured, marketed, distributed, sourced and entered into the stream of commerce by selling to, distributing to, or sourcing to KIK ATV'S LIMITED Side-by- Sides, including the SUBJECT TERYX KRX1000.

11. Each Defendant has sufficient minimum contacts with Nebraska, or otherwise purposefully avails itself of benefits and protections of Nebraska or does business in Nebraska, so as to render the exercise of jurisdiction over it by the Nebraska courts consistent with traditional notions of fair play and substantial justice consistent with Due Process.

12. Each Defendant is amenable to suit in the State of Nebraska by reason of having

manufactured, sold, distributed and installed the Defendants' Products in Nebraska or by reason of having placed the same into the stream of commerce for use in Nebraska, and by reason of having committed tortuous acts against Plaintiffs in Nebraska.

13. Each Defendant acted at all times material herein by and through their respective or joint actual, apparent, or ostensible agents, servants, employees, and/or officers, each and all of whom were acting under, pursuant and in accordance with their authority or duties, actual, apparent, or ostensible its Constitution. One or more Defendants are citizens of the State of Nebraska, and this action is not properly removable on any theory or jurisdictional basis.

14. The value of Plaintiffs' claims asserted herein is in excess of any jurisdictional minimum of this Court and entitles Plaintiffs to seek relief in this Court.

## FACTUAL ALLEGATIONS

15. On, around and before July 25, 2021, the SUBJECT TERYX KRX1000 was equipped with side x side features and components that Defendants KAWASAKI referred to in advertisements as the ultimate sport side x side equipped with a terrain-taming combination of power, performance, and capability to conquer the world's toughest trails. According to Defendants KAWASAKI, the TERYX KRX1000 lineup included a protective feature, referred to as the "Rollover Protection Structure" which is integrated in the frame of the TERYX KRX1000 models.

16. On July 25, 2021, Plaintiff ARON DOUGLAS was driving the SUBJECT TERYX KRX1000, with Plaintiff CAROLYNE DIXON as a passenger, for its intended purpose on the off-road track at Delf Hill Quarry. As Plaintiff ARON DOUGLAS maneuvered the vehicle over a ridge, the SUBJECT TERYX KRX1000 rolled over while Plaintiffs rode as belted front seat

occupants. The fact that these machines roll-over was not unknown to Kawasaki but instead was anticipated by Defendants. The vehicle's "Rollover Protection Structure" or "ROPS" was advertised to and should have provided crush protection to Plaintiffs, ARON DOUGLAS and CAROLYNE DIXON, during the rollover event; however, it did not. The structures that make up the ROPS in the SUBJECT TERYX KRX1000 were deformed to the point that the occupant survival space was almost completely compromised.



17. The failure of Defendants' ROPS and the failure of the SUBJECT TERYX KRX1000 caused substantial and severe injuries to Plaintiffs along with the associated medical bills, past and future and lost wages, past and future.

## COUNT I STRICT LIABILITY

**Manufacturing Defect (NJI 11.20 and NJI 11.21)**

18. Plaintiffs incorporate by reference the allegations set forth above in paragraphs 1

through 17 as though fully set forth herein.

19.    With conscious disregard for the safety of consumers, the KAWASAKI defendants failed to warn the public, purchasers, and users of the KAWASAKI TERYX KRX1000 vehicles like the SUBJECT TERYX KRX1000 did not provide crush protection and deformed to the point that the occupant survival space was almost completely compromised.

20.    On Plaintiffs' information and belief, the KAWASAKI defendants misdirected, suppressed or otherwise ensured reports of the KAWASAKI TERYX KRX1000's "Rollover Protection System" deforming into the front and passenger seats did not reach key personnel responsible for design risk analysis and post-sale surveillance and that such reports included the same or substantially similar "Rollover Protection Structure" used in the SUBJECT TERYX KRX1000.

21.    Due to cost considerations valued by KAWASAKI over public safety and with conscious disregard for the safety of consumers, defendants KMC and KMMC and each of them, did not strengthen the "Rollover Protection System" used in the SUBJECT TERYX KRX1000 and took no other measures to prevent deformation into the front and passenger seat areas.

22.    Defendants KMC and KMMC consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to people like Plaintiffs ARON DOUGLAS and CAROLYNE DIXON.

23.    Defendants KMC and KMMC placed the SUBJECT TERYX KRX1000 on the market.

24.    At the time the SUBJECT TERYX KRX1000 left the Defendants' possession, it was defective by reason of defects in its manufacture, in the performance of the device differed

from Defendants' design or specifications.

25. At the time the SUBJECT TERYX KRX1000 left the Defendants' possession, it was defective by reason of defects in its manufacture, because the device differed from the performance of typical units of the same make and model in that it failed to reasonably protect its occupants when being used in a reasonably foreseeable manner.

26. At the time the SUBJECT TERYX KRX1000 left the Defendants' possession, it was defective in its manufacture because it differed from the manufacturer's intended result.

27. At the time the SUBJECT TERYX KRX1000 left the Defendants' possession, it was defective in its manufacture because it differed from apparently identical products from the same manufacturer.

28. These defects made the SUBJECT TERYX KRX1000 unreasonably dangerous for its intended use, or for any use the Defendants could have reasonably foreseen.

29. These defects made the SUBJECT TERYX KRX1000 unreasonably dangerous for the activities in which Plaintiffs were engaged at the time of their injuries.

30. These defects were the proximate cause of the severe physical injuries sustained by the Plaintiffs. Specifically, Plaintiff ARON DOUGLAS suffered multiple spine fractures, distal fractures of the right forearm, a scalp injury requiring 16 staples, muscle tissue damage, left thumb and forehead lacerations, and psychological injuries. Plaintiff CAROLYNE DIXON suffered fractures to her 10th and 11th rib, deep lacerations to her skull and right shin, severe whiplash symptoms to her neck and upper back region, and psychological injuries.  Plaintiffs have been informed, and therefore allege upon such information and belief, that certain of said injuries will be permanent in nature, the extent of said permanent injuries being at this time unknown.

31. These defects are the proximate cause of Plaintiffs incurring past medical expenses for reasonable and necessary treatment.

32. These defects are the proximate cause of Plaintiffs' inability to maintain regular employment and diminishment of earning capacity.

33. These defects are the proximate cause of economic and non-economic damages to the Plaintiffs, which are far in excess of the jurisdictional limit of this Court.

**Design Defect (NJI 11.20 and NJI 11.22)**

34. Plaintiffs incorporate by reference the allegations set forth above in paragraphs 1 through 33 as though fully set forth herein, and to the extent necessary, plead this cause of action in the alternative.

35. Defendants KMC and KMMC placed the SUBJECT TERYX KRX1000 on the market.

36. That, at the time the SUBJECT TERYX KRX1000 left the Defendants' possession, it was defective in its design because the vehicle's "Rollover Protection Structure" did not perform in a manner as safely as an ordinary consumer or user would expect when used or misused in an intended or reasonably foreseeable way.

37. That this defect made the SUBJECT TERYX KRX1000 unreasonably dangerous for its intended use, or for any use Defendants could have reasonably foreseen.

38. That, at the time the SUBJECT TERYX KRX1000 left the Defendants' possession, it failed to perform as safely as an ordinary consumer would expect when it was used in a manner intended by the manufacturer.

39. That, at the time the SUBJECT TERYX KRX1000 left the Defendants' possession, it failed to perform as safely as an ordinary consumer would expect when it was used in a manner reasonably foreseeable by the manufacturer.

40. As a proximate result of the defective design of the SUBJECT TERYX KRX1000, Plaintiffs ARON DOUGLAS and CAROLYNE DIXON sustained severe injuries when the SUBJECT TERYX KRX1000 was involved in a foreseeable rollover event.

41. As a proximate result of the defective design of the SUBJECT TERYX KRX1000, Plaintiffs ARON DOUGLAS and CAROLYNE DIXON were caused to suffer and sustain the injuries, damages, losses, and harms as set forth herein.

**Failure to Warn (NJI 11.20 and NJI 11.23)**

42. Plaintiffs incorporate by reference the allegations set forth above in paragraphs 1 through 41 as though fully set forth herein, and to the extent necessary, plead this cause of action in the alternative.

43. Defendants KMC and KMMC placed the SUBJECT TERYX KRX1000 on the market.

44. That, at the time the SUBJECT TERYX KRX1000 left the Defendants' possession, it was defective it had an insufficient warning.

45. That, at the time the SUBJECT TERYX KRX1000 left the Defendants' possession, its warning failed to inform the product's user of any risk of harm not readily recognizable by the ordinary user while using the product in a manner reasonably foreseeable by the Defendants.

46. That this defect made the SUBJECT TERYX KRX1000 unreasonably dangerous for its intended use, or for any use Defendants could have reasonably foreseen.

47. As a proximate result of the insufficient warning of the SUBJECT TERYX KRX1000, Plaintiffs ARON DOUGLAS and CAROLYNE DIXON sustained severe injuries when the SUBJECT TERYX KRX1000 was involved in a foreseeable rollover event.

48. As a proximate result of the insufficient warning of the SUBJECT TERYX KRX1000, Plaintiffs ARON DOUGLAS and CAROLYNE DIXON were caused to suffer and sustain the injuries, damages, losses, and harms as set forth herein.

### COUNT II NEGLIGENCE (NJI 2.01)

49. Plaintiffs incorporate by reference the allegations set forth above in paragraphs 1 through 48 as though fully set forth herein, and to the extent necessary plead this cause of action in the alternative.

50. At all times herein set forth, Defendants' Products were being used in the manner and for the purposes for which they were intended.

51. At all relevant times, Defendants, and each of them, had a duty to exercise reasonable care and caution for the safety of the Plaintiffs in its design, manufacture, sell and distribution of products that were free of defects and were reasonably fit and suitable for their intended and foreseeable uses, and which contained adequate warnings and instructions for use.

52. At all relevant times, Defendants, and each of them, knew or should have known that the KAWASAKI TERYX KRX1000 was a product of such a nature that if not reasonably and prudently designed, manufactured, tested, equipped, leased or sold, it was likely to, and would

cause injury to members of the public, including plaintiffs ARON DOUGLAS and CAROLYNE DIXON.

53. At all relevant times, Defendants, and each of them, were negligent and careless in their design, manufacture, testing, labelling, servicing, inspection, warning, instruction, distribution and sale of the SUBJECT TERYX KRX1000.

54. As a direct and legal cause of the negligence and carelessness of the defendants, Plaintiffs ARON DOUGLAS and CAROLYNE DIXON suffered and sustained the injuries and damages hereinabove and hereinafter set forth.

55. After the time of the original manufacture, distribution, and/or sale of the SUBJECT TERYX KRX1000, Defendants, and each of them, knew or had reason to know that the KAWASAKI TERYX KRX1000 was dangerous, or likely to be dangerous, to any persons that occupied the vehicle during a rollover event such that Defendants, and each of them, had a duty to provide warning to the public, purchasers, users, and consumers of the KAWASAKI TERYX KRX1000 of the product's defective and dangerous condition.

56. Defendants and each of them failed to exercise ordinary care and caution for the safety of Plaintiffs ARON DOUGLAS and CAROLYNE DIXON in one or more of the following respects:

    a. Failing to warn, repair, or make safe the dangerous condition of the "Rollover Protection System."

    b. Failing to provide any adequate warnings after the sale, rental, lease, or distribution of the SUBJECT TERYX KRX1000

  c. Failing to take action to reduce the risk of harm to persons who were unaware of, or lacked an understanding of the magnitude of the risk associated with the use of the KAWASAKI TERYX KRX100

  d. Failing to issue a recall and/or provided warning to the public, purchasers, users, and consumers of the KAWASAKI TERYX KRX1000 of the product's defective and dangerous condition in light of the risk of harm.

  e. Failing to provide a warning to the public, purchasers, users, and consumers of the KAWASAKI TERYX KRX1000 after the time of manufacturer, distribution and sale of the product.

  f. Failing to fulfill their continuing duties after the sale of the KAWASAKI TERYX KRX1000 were a legal cause of the injuries, damage, loss and harm suffered and sustained by plaintiffs ARON DOUGLAS and CAROLYNE DIXON.

  57. By reason of Defendants' failure to issue a recall and/or provide adequate warning or instruction to the public, purchasers, users, and consumers of the KAWASAKI TERYX KRX1000 after the time of the original manufacturer, distribution and sale of the product, Plaintiffs ARON DOUGLAS and CAROLYNE DIXON suffered and sustained the injuries hereinabove and hereinafter set forth.

  58. Kawasaki Defendants have been involved in litigation in multiple previous suits filed against them in the United States with similarly injuries, caused by the crush failure of the "Rollover Protection System."

  59. Defendants also knew that consumers of this particular vehicle expected the "Rollover Protections System" to be stronger and safer. Despite this, Defendants chose not to

invest in the funding that it would take to make the system stronger and safer, but instead actually considered making it only look stronger so as to cause customers to believe it was.

60. Defendants KAWASAKI knew, or should have known, that based on its dangerous condition, it was highly probable that additional harm would result.

61. Plaintiffs demand compensatory damages and trial by jury on all issues so triable in this cause.

## DAMAGES

62. As a direct and proximate result of the Defendants' negligent conduct and the defective design, manufacture, marketing, and sale of the KAWASAKI TERYX KRX1000, Plaintiffs ARON DOUGLAS and CAROLYNE DIXON suffered serious and permanent injuries when the vehicle rolled over. The subject vehicle, unreasonably dangerous and defective as described above, caused Plaintiffs to endure extensive physical pain and suffering, emotional distress, and mental anguish.

63. Each instance of use of the defective KAWASAKI TERYX KRX1000, including the rollover incident, contributed to Plaintiffs' injuries. These injuries arose out of, were directly connected to, and were reasonably foreseeable consequences of the design, manufacture, marketing, and distribution of the vehicle by Defendants.

64. As a result of the injuries sustained, Plaintiffs have incurred and will continue to incur substantial medical expenses for treatment and rehabilitation. Plaintiffs also have suffered a significant loss in earnings and impairment to their future earning capacity. Their ability to enjoy the normal pleasures of life has been diminished, and ARON DOUGLAS' and CAROLYNE

DIXON'S physical health, emotional well-being, and overall life expectancy have been severely impacted.

      65.    The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from the personal injuries of Plaintiffs ARON DOUGLAS and CAROLYNE DIXON, and of the following general and special damages including:

    a. Physical pain and mental anguish sustained by Plaintiff ARON DOUGLAS in the past; and in reasonable probability, will sustain in the future;

    b. Physical pain and mental anguish sustained by Plaintiff CAROLYNE DIXON in the past; and in reasonable probability, will sustain in the future;

    c. The past disfigurement suffered by Plaintiff ARON DOUGLAS, and the future disfigurement that Plaintiff ARON DOUGLAS will, in reasonable probability, sustain in the future;

    d. The past disfigurement suffered by Plaintiff CAROLYNE DIXON, and the future disfigurement that Plaintiff CAROLYNE DIXON will, in reasonable probability, sustain in the future;

    e. The physical impairment suffered by Plaintiff ARON DOUGLAS in the past, and the physical impairment that Plaintiff ARON DOUGLAS will, in reasonable probability, sustain in the future;

    f. The physical impairment suffered by Plaintiff CAROLYNE DIXON in the past, and the physical impairment that Plaintiff CAROLYNE DIXON will, in reasonable probability sustain in the future;

    g. The medical expenses that Plaintiff ARON DOUGLAS will, in reasonable probability, sustain in the future, and the medical expenses incurred by Plaintiff ARON DOUGLAS in the past;

    h. The medical expenses that Plaintiff CAROLYNE DIXON will, in reasonable probability, sustain in the future, and the medical expenses incurred by Plaintiff CAROLYNE DIXON in the past;

    i. Plaintiff ARON DOUGLAS'S lost earning capacity sustained in the past;

    j. Plaintiff CAROLYNE DIXON'S lost earning capacity sustained in the past;

k. Plaintiff ARON DOUGLAS'S diminished earning capacity he will in reasonable probability sustain in the future;

l. Plaintiff CAROLYNE DIXON'S diminished earning capacity he will in reasonable probability sustain in the future;

m. Loss of household services sustained by Plaintiff ARON DOUGLAS in the past; in reasonable probability, Plaintiff ARON DOUGLAS will sustain in the future; and

n. Loss of household services sustained by Plaintiff CAROLYNE DIXON in the past; in reasonable probability, Plaintiff CAROLYNE DIXON will sustain in the future.

## DEMAND FOR JURY TRIAL

66. Plaintiffs demand trial by jury on all issues.

This 3rd day of July, 2025.

Respectfully submitted,

**HIGH & YOUNES, LLC**

/s/Justin High
Justin High #23354
6919 Dodge Street
Omaha, Nebraska 68132
Ph: 402-933-3345
Fax: 402-933-3020
Email: justin@hyattorneys.com

Pending Approval of Pro Hac Vice Application
Charles Soechting, Jr. (*pro hac vice pending*)
Iyman Strawder (*pro hac vice pending*)
SIMON GREENSTONE PANATIER, PC
901 Main Street, Suite 5900
Dallas, Texas 752023
Telephone: (214) 276-7680
Fax: (214) 276-7699
Email: charles.soechting@sgptrial.com
Email: iyman.strawder@sgptrial.com
**Attorneys for Plaintiffs**